*December*, 1824.                 Brown and Parsons *against* Torver.

1, Endorser vs. endorsee with common counts, and general issue to all. Though the counts on the endorsement be insufficient, the judgment shall be sustained by the verdict on the common counts. 2, A partner assigns a note to his firm, and they afterwards assign it over, semble an action will lie against them on the endorsement. 3, Even after argument on the Errors assigned, the Court will

ASSUMPSIT in *Dallas* Circuit Court by *Torver* against *Brown* and *Parsons*.

The first count sets out that *William W. Gary* and others, on 16th *September*, 1820, made and delivered a promissory note to *Jonas Brown* for twelve hundred dollars, payable six months after date.   The assignment by *Brown* to *Jonas Brown* and *Rock Parsons*, partners under the firm of *Brown* and *Parsons*.   Assignment by them to *Wm. W. Olds*, and by him to the plaintiff; and here concludes without averment of demand, notice, &c.

The 2d count states the note and assignments as the first demand made of the makers 6 months after its date, and notice on same day (before the expiration of the days of grace) to defendants, concluding with stating liability and super se assumpsit in the usual form.

There were also the common counts for goods sold, mo-

suggest that a second certiorari will bring up a sufficient transcript, and will award it if prayed for. 4, After writ of Error brought, a clerical Error, which would control the decision here, is amended by the Court below; the judgment will be affirmed at the costs of defendant in Error, and without damages.

ney had and received, &c. In the transcript return-ed with the writ of Error, neither verdict nor judgment appeared. At December term, 1823, a certiorari was awarded returnable instanter, and in the transcript return-ed therewith, immediately after the declaration and issue, the Clerk had inserted as follows: .

" And at *March* term, 1822, of the Circuit Court of " *Dallas* County, the following judgment was rendered: to wit,

| | |
|---|---|
| " Benjamin Torver<br>71.   *vs.*<br>" William W. Olds. | This day came the parties by their at-tornies, and thereupon came a Jury, to wit, (same Jury as in the above case.)" |

Then followed a verdict, and judgment for the plaintiff for $1338 85½, annexed as follows:

| | |
|---|---|
| " Benjamin Torver<br>*vs.*<br>" William W. Olds. | In the Circuit Court, *March* Term, 1822. |

" Benjamin Torver *vs.* " William W. Olds. In the Circuit Court of *March* Term, 1822. At *September* Term, 1823, of said Circuit Court. It appearing to the Court, that there was a clerical mis-" take in entering the title of the second of the two last " above cases; that the second judgment ought to have been " against *Brown* and *Parsons* instead *William W. Olds.* It " is therefore, on motion, ordered that the judgment be so " amended; and also that the judgment so amended bear " the number 715, which is the number it should bear."

*Brown* and *Parsons* here assigned as Errors—

1st and 2d, No cause of action is shewn by the first or by the second count. The notice is alleged to have been given to the endorsers before the note was due; and there is a general verdict.

3d, The note is charged to have been assigned by *Brown* to himself and *Parsons.*

*H. G. Perry, White,* and *Gordon,* for plaintiffs; *W. Cren-shaw* for defendant in Error.

The counsel for plaintiffs first moved to dismiss the writ of Error, because no judgment had been entered when it issued; and in the argument contended, that if the assign-

ments of Errors should not be sustained, the plaintiffs must yet have judgment for their costs.

Judge *Saffold* delivered the opinion of the Court.

Under a count for money had and received, a bill or note is prima facie evidence against the drawer or endorser, although the presumption that the money was received for the use of the holder may be rebutted. 7 Whea. 35. To the common counts here there appears to be no objection. The general issue was on all the counts; and we are to infer from the verdict that the evidence was sufficient to authorise it. This Court has decided, that in an action of this description one good count is sufficient to sustain the verdict and judgment.(a)

*(a) Harrison vs. Cassity, ante, p. 291.*

The decision of the question raised by the third assignment does not seem necessary to the determination of the case. Evidence independent of the note may have been given under the common counts; yet it is to be remarked, that even supposing *Brown*, the first endorser, to be the partner in the firm of *Brown* and *Parsons*, there is no good reason why he might not convert his private property into partnership stock, or why both partners should not be responsible on the endorsement in which, as the Record appears, both must be supposed to have united. The assignments of Errors are not sustained.

The disposition to be made of the cause under the peculiar circumstances of this Record remains to be considered.

The transcript brought up by the certiorari, contains three several entries as of *March* term 1822, entitled *Benjamin Torver* vs. *Williams W. Olds.* The order for amendment refers to a case numbered 715. The case first stated is numbered 71; the two last are not numbered, and it remains still uncertain to what case the order for amendment is to be applied. If the defendant in Error thinks it will avail him, a certiorari will be awarded returnable instanter; and if by the return this matter shall be made sufficiently certain, the judgment will be affirmed; but inasmuch as there was Error in the proceedings when the writ of Error issued, the affirmance must be without damages and at the costs of the defendant. Sellon's Pr. 407 and 8. 2 Ld. Raym. 897. Tidd's. Pr. 664.

But if the transcript is as complete as it can be rendered by the Record below, the writ of Error must be dismissed.

For the defendant in Error a certiorari, returnable instanter, was then prayed; with which the clerk sent up a third transcript, in which the declaration in the case of *Torver* vs.

*Brown* and *Parsons* was certified as bearing the number 715, and in which was set out as of *March* term 1822, a case numbered 714, *Torver* against *Olds*, and a verdict and judgment for plaintiff thereon ; and as immediately following on the minute book the entry of a verdict for plaintiff in a case also entitled *Torver* against *Olds*, not numbered, and of judgment thereon for plaintiff for $1338 85½. In certifying the transcript the clerk states, that the judgment succeeding number 714 was marked 71, a figure immediately after the figure 1 appearing to be erased ; and that on his trial docket of *March* term 1822, there was no case marked number 71.

On the return of this third transcript the judgment was affirmed without damages, and at the costs of the defendant in Error.